EFILED IN OFFICE
CLERK OF SUPERIOR COURT
LAURENS COUNTY, GEORGIA
**21-CG-0396-JG**
JG - JUD L. GREEN
JUN 07, 2021 09:18 AM

Jackie H. Dalton, Clerk
Laurens County, Georgia

IN THE SUPERIOR COURT OF LAURENS COUNTY
STATE OF GEORGIA

| | |
|---|---|
| ALIASNY BRITO | * |
| Plaintiff, | * CIVIL ACTION FILE NO. |
| v. | * |
| COLBY HARRIS AND GTS TRANSPORTATION CORPORATION | * |
| Defendants. | * |

## COMPLAINT FOR DAMAGES

COMES NOW, ALIASNY BRITO (hereinafter "Plaintiff") by and through her undersigned counsel and files this *Complaint for Damages* and shows this Honorable Court as follows:

### PARTIES, JURISDICTION, AND VENUE

1.

Plaintiff Aliasny Brito is a resident of the State of Georgia and has been a resident of the State of Georgia at all times relevant to this case.

2.

Defendant, COLBY HARRIS, is an individual and resident of Baker County, Florida, and may be served at his residence, 13050 Mud Lake Road, Glen Saint Mary, FL 32040-5456. If Defendant cannot be served at his address, then Defendant shall be served pursuant to Georgia law.

3.

Defendant GTS TRANSPORTATION CORPORATION is a foreign profit corporation authorized to do business in the State of Georgia and is subject to the jurisdiction and venue of this

EXHIBIT B

Court. Service of process may be perfected upon this Defendant through its registered agent, Matthew P Connelly at the following address: 321 N Clark Street, Suite 2200, Chicago, IL 60654.

4.

Defendants are subject to the jurisdiction of this Court.

5.

This Court has jurisdiction over the subject matter of this action.

6.

Venue is proper in Laurens County, Georgia pursuant to the Georgia Code §9-10-93, because the tortious act occurred in Laurens County, Georgia.

## ALLEGATIONS

7.

On or about July 25, 2019, Plaintiff Aliasny Brito a lawfully restrained negligent-free passenger of a 2001 Cottrell TL driven by Arturo Alvarez, at PM Watson Lane's intersection with Vaughn Lane, Lauren County, Georgia. At all relevant times hereto, Plaintiff Aliasny Brito was exercising reasonable care for her own safety.

8.

Prior to and on July 25, 2019, Defendants Colby Harris and GTS Transportation Corporation failed to exercise reasonable care for the safety of others who might be affected by their actions by negligently operating and/or allowing the negligent operation of a 2020 Freight Tractor, VIN: 3AKJHHDR8LSLJ9876 while the truck and its driver were in violation of legally mandated minimum safety requirements and by violating multiple federal laws, Georgia laws, and

rules of the road, said actions caused a collision between Plaintiff's vehicle and Defendants' truck and proximately caused serious injuries to Plaintiff.

9.

On July 25, 2019, Defendant Colby Harris, who was an employee/agent of Defendant GTS Transportation Corporation negligently failed to yield while backing-up, striking the Plaintiff's vehicle. Defendant Colby Harris's recklessness, intentional acts, negligence, and negligence per se proximately caused Plaintiff to suffer injuries, general damages, and special damages. Defendant Colby Harris was in violation of O.C.G.A. § 40-6-70(b).

10.

At all times relevant hereto, Defendant Colby Harris was operating Defendant GTS Transportation Corporation's truck in a reckless and negligent fashion which resulted in the above-described collision and proximately caused serious injury to Plaintiff's person and property.

11.

At all times relevant hereto, Defendant GTS Transportation Corporation was negligently supervising the operation of Defendant Colby Harris's truck which resulted in the above-described collision and proximately caused serious injury to Plaintiff.

12.

Defendant GTS Transportation Corporation is liable under the doctrine of respondent superior for the harm caused to Plaintiff by the wrongful acts of their employee, Defendant Colby Harris, who was acting in the scope and course of his employment with Defendant GTS Transportation Corporation and during the actual transaction of Defendant GTS Transportation Corporation business when they caused the subject collision and proximately caused serious injuries to Plaintiff.

13.

Defendant GTS Transportation Corporation is liable to Plaintiff because they negligently entrusted their vehicle to Colby Harris when Colby Harris was not properly suited to drive the vehicle, proximately causing injuries to Plaintiff, and because Defendant GTS Transportation Corporation failed to properly hire, train, retain, and supervise their employees so that they would not cause harm to persons such as Plaintiff, proximately causing their injuries.

14.

Defendant GTS Transportation Corporation is negligent per se because 1) their acts and/or the acts of their employees were in violation of Federal laws and Georgia laws regarding the use and operation of motor vehicles and commercial motor vehicles, 2) the laws were designed to prevent the type of collision and injuries involved in the subject litigation, 3) Plaintiff is a member of the class intended to be protected by said laws, and 4) the violation of said laws proximately caused Plaintiff's injuries.

15.

Defendant GTS Transportation Corporation knew or should have known that operating a truck on a public roadway while its driver was not properly suited to operate it would result in harm to the individuals who would be affected by the operation of said truck.

## JOINT AND SEVERAL LIABILITY

16.

The combined acts of Defendants Colby Harris and GTS Transportation Corporation were reckless, intentional acts, negligent, and negligent per se and proximately caused injuries to Plaintiff and said Defendants are jointly and severally liable for Plaintiff's injuries and damages.

EXHIBIT B

## DAMAGES

17.

As a result of Defendants Colby Harris and GTS Transportation Corporation's recklessness, intentional acts, negligence, and negligence per se, Plaintiff sustained personal injuries, special damages, and general damages for which they are entitled to be compensated by Defendants.

18.

As a direct and proximate result of Defendant Colby Harris and GTS Transportation Corporation's recklessness, intentional acts, negligence, and negligence per se, Plaintiff Aliasny Brito has incurred medical expenses, the exact amount to be proven at trial.

19.

As a direct and proximate result of Defendant Colby Harris and GTS Transportation Corporation's reckless, intentional acts, negligence, and negligence per se, Plaintiff will continue to suffer both general and special damages in the future, including expenses for future medical treatment, the exact amount to be proven at trial.

20.

As a direct and proximate result of Colby Harris and GTS Transportation Corporation's recklessness, intentional acts, negligence, and negligence per se, Plaintiff has lost wages, the exact amount to be proven at trial.

21.

Defendant Colby Harris at the time of the collision was unaware that Plaintiff's vehicle was lawfully in her proper lane of travel because at the time of the collision, Defendant Colby

Harris was intentionally using a cellular device to send and/or receive electronic messages, call(s), and data.

22.

By engaging in the above-described conduct, Defendant Colby Harris acted in an intentional, malicious, fraudulent, willful, and wanton manner, evincing such an entire want of care as to raise the presumption of a conscious indifference to the consequences, and the conduct of this Defendant is so aggravating as to warrant, justify, and demand the imposition of punitive damages pursuant to O.C.G.A. §51-12-5.1 to penalize and punish Defendants for the misconduct and to deter Defendants from engaging in such aggravating conduct in the future. Plaintiff hereby specifically pleads for the imposition of punitive damages.

23.

By engaging in the above-described conduct, Defendants Colby Harris and GTS Transportation Corporation acted in an intentional, malicious, fraudulent, reckless, willful, and wanton manner, evincing such an entire want of care as to raise the presumption of a conscious indifference to the consequences, and the conduct of these Defendants is so aggravating as to warrant, justify, and demand the imposition of punitive damages pursuant to O.C.G.A. §51-12-5.1 to penalize and punish each of these Defendants for his or its misconduct and to deter each of these Defendants from engaging in such aggravating conduct in the future. Plaintiff hereby specifically pleads for the imposition of punitive damages.

24.

Defendants have acted in bad faith, have been stubbornly litigious, and have caused Plaintiff unnecessary trouble and expense by forcing Plaintiff to resort to the use of the court system in order to resolve this claim when there is no bona fide controversy. Accordingly, Plaintiff

seeks attorney's fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11 O.C.G.A. § 9-15-14.

WHEREFORE Plaintiff prays for the following relief:

(a) Complaint and Summons be served upon Defendants according to the law;

(b) Plaintiff recover from Defendants jointly and severally a sum of damages to compensate for Plaintiff's injuries and damages, including, but not limited to, past and future medical expenses; past and future lost wages; and past, present, and future pain and suffering as aforesaid;

(c) Judgment be rendered against Defendant Colby Harris for punitive damages to deter like or similar conduct in the future;

(d) Judgment be rendered against Defendant GTS Transportation Corporation for punitive damages to deter like or similar conduct in the future;

(e) Plaintiff be awarded attorney fees under O.C.G.A. § 13-6-11 AND § 9-15-14.

(f) Plaintiff be awarded prejudgment interest on all damages as allowed by law;

(g) Interest on the judgment be awarded at the legal rate from the date of judgment;

(h) All costs of this action be taxed against Defendants; and

(i) Plaintiff be awarded an amount to be determined at trial;

(j) Plaintiff be awarded special damages, an amount to be determined at trial; and

(k) Plaintiff have any and all other relief the Court may deem just and proper

*[SIGNATURE PAGE TO FOLLOW]*

EXHIBIT B

Respectfully submitted this 7th day of June, 2021.

BADER SCOTT INJURY LAWYERS

_____
Kevin Schumaker
Georgia Bar # 142201
**Jonathan Rosenburg**
Georgia Bar # 274204
Attorneys for Plaintiff

Bader Scott Injury Lawyers
3384 Peachtree Road, N.E.
Suite 500
Atlanta, GA 30326
Phone: 404 888-8888
Fax: 404 953-7744
kevinschumaker@baderscott.com

EXHIBIT B