IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2022 JUL 20 P 4:08
CLERK
SO. DIST. OF GA.

| | |
|---|---|
| ALIASNY BRITO, | * |
| Plaintiff, | * |
| v. | *  CV 322-038 |
| COLBY HARRIS and GTS TRANSPORTATION CORPORATION, | * |
| Defendants. | * |

**O R D E R**

Plaintiff Aliasny Brito originally brought this suit in the Superior Court of Laurens County, Georgia, on June 7, 2021. Plaintiff asserts state law tort claims arising out of an incident wherein Defendant Colby Harris backed his truck into the car in which she was a passenger. In the Complaint, Plaintiff seeks compensatory damages for personal injuries to include past and present medical treatment, pain and suffering, and lost wages in an unspecified amount. Plaintiff also seeks punitive damages, attorney's fees, and expenses of litigation.

The parties conducted discovery in state court to include written discovery and the deposition of Plaintiff. On April 6, 2022, Plaintiff responded to a series of Requests for Admissions targeted to ascertain the amount in controversy in the case.[1]

---

[1] Defendants served the Request for Admissions on December 8, 2021.

Therein, Plaintiff denied that she is seeking less than $75,000 in damages. Also, she affirmatively admitted that she is seeking and has suffered in excess of $75,000 in damages (hereinafter referred to as "Plaintiff's Admissions"). Within 30 days of Plaintiff's Admissions, Defendants removed the case on the basis of diversity jurisdiction. (Notice of Removal dated May 3, 2022, Doc. No. 1.)

On May 19, 2022, the United States Magistrate Judge *sua sponte* issued a Report and Recommendation that concluded Plaintiff's Admissions were insufficient to establish that the amount in controversy exceeds $75,000. (Doc. No. 9.) The Magistrate Judge equated Plaintiff's Admissions to a "stipulation" by the parties, finding them "insufficient proof of the amount in controversy standing alone." (Id. at 4.) Defendants object to the Report and Recommendation.

It is undisputed that Plaintiff's state court complaint does not reveal the amount in controversy; thus, it was not "facially apparent" that removal was proper. See, e.g., Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010). The removal statute, however, provides another opportunity to remove a case upon "receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Courts have included within the term "other paper" responses to requests for admissions, settlement offers, interrogatory responses,

2

deposition testimony, demand letters, and emails estimating damages. See Lowery v. Alabama Power Co., 483 F.3d 1184, 1212 n.62 (11th Cir. 2007) (cited sources omitted). Thus, this case was properly removed within thirty days of Defendants receiving Plaintiff's Admissions stating that she is seeking and has suffered damages in excess of $75,000. Nevertheless, this Court has an "independent obligation to ensure that jurisdiction exists." See Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1275 (11th Cir. 2000).

As an initial matter, the cases cited by the Magistrate Judge for the proposition that Plaintiff's Admissions equate to an impermissible stipulation of the parties to invoke the federal court's jurisdiction are inapposite. In Morrison, the Eleventh Circuit held that compensatory damages could not be aggregated to establish the jurisdictional amount in a class action suit. 228 F.3d at 1263-64. Thus, the Eleventh Circuit remanded the case for the district court to determine if any of the plaintiffs could independently satisfy the jurisdictional amount. In doing so, the Eleventh Circuit merely warned in its final instructions that the district court should be "leery of any stipulations that parties offer concerning the facts related to jurisdiction." Id. at 1275. This is because the parties shared a common goal of having the case decided in federal court. Id. In the context of remand, a subsequent stipulation to the amount of controversy by the parties would naturally be suspect.

3

The use of requests for admissions in Streicher v. Sam's E., Inc., 2019 WL 1011815 (S.D. Ga. Mar. 4, 2019) (Moore, J.), to establish the amount in controversy arose in a different context than in this case. In Streicher, the defendant removed the case based on diversity of citizenship. The plaintiffs sought remand of the case, arguing that removal was untimely. Specifically, the plaintiffs claimed that the defendant should have removed the case thirty days after they denied the defendant's request for admissions seeking to hold the plaintiffs' damages under the jurisdictional amount. Id. at *1. Notably, the Streicher court recognized a split in the Eleventh Circuit on whether "a plaintiff's denial of a defendant's request for admissions is sufficient to establish jurisdiction or to otherwise put the defendant on notice of the amount in controversy." Id. at *2 (citing cases). Ultimately, the Streicher court cited to cases that have held that a plaintiff's *refusal* to stipulate that her claims do not exceed $75,000 is not sufficient to satisfy the defendant's burden of proof as to the jurisdictional amount. Id. at *3 (cited sources omitted). In keeping with these decisions, the district court in Streicher held that the plaintiff's denial of the defendant's requests for admission that the plaintiff was seeking less than $75,000 did not trigger the 30-day time period within which the defendant had to remove the case. Id. In the case at bar, Plaintiff's Admissions *affirm* that she is seeking

4

more than $75,000 in damages and appropriately trigger Defendants' time period for removal.

The Court now has the benefit of Defendants' Objections to the Report and Recommendation. (Doc. No. 15.) Defendants attach Plaintiff's response to Interrogatory Number 22, in which she claims that her medical expenses total $19,183.08 as of December 2021, and that she is receiving ongoing treatment. (Id., Ex. A.) Moreover, Plaintiff testified at deposition on February 18, 2022, that she injured her neck, left hand, left hip, low back, left leg, and left foot; at the time of deposition, she continued to have pain over the left hip down through the leg. (Id., Ex. B, Pl.'s Dep. at 69-71.) In fact, she continued to have "horrible pain" in her left hip every day; she rated the pain in her left low back and her left leg and foot to be a nine out of ten. (Pl.'s Dep. at 73-75.) Certainly, this testimony supports a claim for pain and suffering. Finally, Plaintiff testified that she cannot perform a job normally. (Id. at 94.) More importantly, Defendants explain that they have sought information from Plaintiff about her lost wages through written discovery and at deposition. Plaintiff has not provided this information even though her counsel represented at Plaintiff's deposition that the information would be forthcoming. (See id. at 95-96.) By the time of removal in May 2022, Plaintiff had not provided the lost wages information. On this point, it must be remembered that a defendant only has one year from the commencement of a case to

remove based on diversity. See 28 U.S.C. § 1446(c)(1). In this case, which was filed on June 7, 2021, Defendants were up against this one-year time limit when it removed the case on May 3, 2022. Whether her failure to provide her claim of lost wages was inadvertent, negligent, reluctant, or recalcitrant, Plaintiff should not be rewarded with a finding that Defendants cannot establish the jurisdictional amount. Instead, the Court draws the inference that lost wages in this case may indeed be significant. Finally, Plaintiff has asserted a colorable claim for punitive damages, which may be considered when determining the jurisdictional amount. See, e.g., Rae v. Perry, 392 F. App'x 753, 755 (11th Cir. 2010); Parker v. Exteriro Restorations, Inc., 2022 WL 2532171, at *4 (S.D. Ala. Jul. 7, 2022) ("When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered, unless it is apparent to a *legal certainty* that such cannot be recovered." (quoted source omitted) (emphasis in the original)).

Finally, it is important to note that Plaintiff's purposeful pleading of an unspecified amount of damages can be interpreted as easily as a ploy to avoid removal as it can an implication that the amount in controversy is beneath the jurisdictional threshold. Under the present circumstances with alleged special damages amounting to 25% of the jurisdictional amount, a laundry list of accompanying claims, and Plaintiff's failure to object to removal, Plaintiff's Admissions can hardly be legitimately interpreted as

a stipulation to jurisdictional facts. Plaintiff's Admissions are unequivocal and more in the form of an unavoidable concession than some mutual accord.

In conclusion, considering Plaintiff's medical expenses, past and future, her lost wages, punitive damages, and in no small part, her unambiguous admission that she has suffered and seeks damages in excess of $75,000, the Court concludes that the two conditions of diversity jurisdiction are met. Diversity of citizenship is not contested, and any measure of common sense applied to the information Defendants have provided in the case clearly shows Plaintiff is seeking damages well more than $75,000. Thus, the case was properly removed on the basis of diversity. Accordingly, the Court **SUSTAINS** Defendants' objections to the Report and Recommendation, which is hereby **VACATED**. The parties are reminded of their obligation to file a Rule 26(f) report. (See Doc. No. 3.)

**ORDER ENTERED** at Augusta, Georgia this 20th day of July, 2022.

_____
UNITED STATES DISTRICT JUDGE