IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
24 FEB -5 PM 3:03
CLERK_____
SO. DIST. OF GA.

| | | |
|---|---|---|
| ALIASNY BRITO, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV 322-038 |
| | * | |
| COLBY HARRIS and GTS TRANSPORTATION CORPORATION, | * | |
| | * | |
| Defendants. | * | |

O R D E R

Plaintiff Aliasny Brito originally brought this suit in the Superior Court of Laurens County, Georgia, on June 7, 2021. Plaintiff asserts state law tort claims arising out of an incident wherein Defendant Colby Harris backed his truck into the car in which she was a passenger. In the Complaint, Plaintiff states that she is and was at all relevant times a resident of Georgia. (Doc. No. 1-2, ¶ 1.) Defendants are not residents of Georgia. (Id. ¶¶ 2, 3; Notice of Removal, Doc. No. 1, ¶¶ 4, 5.) Despite the apparent diversity of citizenship between the parties, Defendants did not remove the case until May 3, 2022, after Plaintiff responded to a series of Requests for Admission targeted to ascertain the amount in controversy.[1] Therein, Plaintiff affirmatively admitted that she is seeking and has suffered in

---

[1] Defendants had served the Requests for Admission on December 8, 2021.

excess of $75,000 in damages. Within 30 days of Plaintiff's Admissions, on May 3, 2022, Defendants removed the case on the basis of diversity jurisdiction.

On May 19, 2022, the United States Magistrate Judge *sua sponte* issued a Report and Recommendation that concluded Plaintiff's Admissions were insufficient to establish that the amount in controversy exceeds $75,000. (Doc. No. 9.) Defendants objected to the Report and Recommendation. Upon review, this Court vacated the Report and Recommendation, concluding that diversity jurisdiction was proper. (Order of July 20, 2022, Doc. No. 16.) In the Order of July 20, 2022, the Court notes that "[d]iversity of citizenship is not contested." (Id. at 7.)

On August 12, 2022, the United States Magistrate Judge issued a scheduling order in the case, which was twice extended for lengthy periods of time. Discovery closed in the case on November 30, 2023. On December 29, 2023, Defendants filed the instant motion to remand the case because Plaintiff has never been a resident of Georgia. Rather, as she averred at deposition, she is and was at all relevant times a resident of Florida. Defendant Colby Harris is also a resident of Florida.[2] Plaintiff has failed to respond to the motion to remand.

---

[2] The record shows that Colby Harris died before Plaintiff filed suit in state court. His estate, which may be the appropriate party in the case, has been probated in Florida.

Diversity jurisdiction exists over a case in which the parties' citizenship is fully diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Complete diversity does not exist unless each defendant is a citizen of a different state from each plaintiff. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978). The citizenship of the parties is determined at the time the action is filed. Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991). In this case, at the time of filing Plaintiff and Defendant Harris were both residents of the same state – Florida. Thus, there is no diversity jurisdiction because there is a lack of complete diversity.

"A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties." Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC, 374 F.3d 1020, 1022 (11th Cir. 2004). In order to "reduce the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff," Congress provided the district court wide discretion to award costs and fees upon remand of a removed case. See Martin v. Franklin Capital Corp., 546 U.S. 132, 140 (2005) (citing 28 U.S.C. § 1447(c)). The Martin Court explained that "the standard for awarding fees should turn on the reasonableness of the removal." Id. at 141.

In this case, one could suppose that the Court could excuse Defendants' improper removal because of the misrepresentation of Plaintiff's citizenship in the Complaint. The problem is that

3

Plaintiff's deposition, the one in which she revealed she was never a resident of Georgia and was at all relevant times a resident of the same state as Defendant Harris, was taken in February 2022 prior to removal.³ The facts of citizenship were known to Defendants in no uncertain terms prior to removal. As the party with the duty to establish diversity jurisdiction, Defendants had the responsibility to raise this issue with the Court. Actually, Defendants had the duty to *not* remove the case; it was not objectively reasonable to invoke this Court's diversity jurisdiction where it did not exist in the first instance. That said, Plaintiff perplexingly allowed the case to remain on the court docket for well over 18 months. She has not explained the false allegation of her Complaint nor her failure to mention the lack of diversity during the pendency of this action. Because both parties have invoked the power of the federal judiciary and used its resources without authority, the Court will not assess costs and fees in the case. Rather, the Court will admonish counsel for both sides that practice in the federal bar is a privilege, not a right, and the expectations of this district are far higher than what has been demonstrated by the instant circumstances.

---

³ The Court also notes that Plaintiff listed her present address as Florida in response to Defendants' interrogatories, which were used to establish the amount in controversy and were provided to Defendant in December 2021. (Doc. No. 15-1, Resp. to Interrog. No. 1.)

4

The district court has a duty at all times to ensure it has jurisdiction. See 28 U.S.C. § 1447 ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Having determined that diversity jurisdiction does not exist and that the case was improperly removed, **IT IS HEREBY ORDERED** that Defendants' motion to remand (doc. no. 37) is **GRANTED**. The Clerk is directed to **TERMINATE** all pending motions and deadlines, **REMAND** the case to the Superior Court of Laurens County, and **CLOSE** the case.

**ORDER ENTERED** at Augusta, Georgia this 5th day of February, 2024.

_____
UNITED STATES DISTRICT JUDGE